# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DERMON RODRIGUEZ**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 10-1591**

**STEVE RADER**                                         **SECTION "B"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Dermon Rodriguez, is incarcerated in the Dixon Correctional Center in Jackson, Louisiana.[2]  Rodriguez was charged on July 2, 2002, in Jefferson Parish by bill of information with the armed robbery and attempted second degree murder of Isaac Jackson.[3]

Rodriguez pled guilty to both counts on September 19, 2002.[4]  He also entered a plea of guilty to a multiple offender bill charging him as a second offender concerning the attempted second degree murder count.[5]  The state trial court sentenced him to 25 years in prison for armed robbery and an additional 25 years in prison as a second offender, each term to run concurrently and without benefit of parole, probation or suspension of sentence.[6]

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 7/2/02.

[4]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 5-15, 9/19/02; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 9/19/02.

[5]St. Rec. Vol. 1 of 2, Plea Transcript, p. 17, 9/19/02; St. Rec. Vol. 1 of 2, Multiple Bill, 9/19/02; Waiver of Rights - Plea of Guilty Multiple Offender, 9/19/02.

[6]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 16, 19, 9/19/02.

Rodriguez's conviction became final five days later, on September 26, 2002, because he did not file a notice of appeal or seek reconsideration of his sentence.[7] Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays are not included in the calculation of period when it would be the last day of the period or when the period is less than seven days).[8]

More than two years later, on October 25, 2004, Rodriguez submitted to the state trial court a motion to correct his multiple offender sentence.[9] The court denied the motion on November 8, 2004, finding it untimely and otherwise inappropriate for post-conviction review pursuant to State v. Parker, 711 So.2d 694 (La. 1998).[10] The Louisiana

---

[7]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At that time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing a notice of appeal.

[8]See also, La. Rev. Stat. Ann. § 1:55, setting forth weekends and other as legal holidays.

[9]St. Rec. Vol. 1 of 2, Motion Application to Correct an Illegal Sentence, 11/2/04 (dated 10/25/04).

[10]St. Rec. Vol. 1 of 2, Trial Court Order, 11/8/04.

Fifth Circuit Court of Appeal denied Rodriguez's subsequent writ application on April 6, 2005, finding no error in the trial court's ruling.[11]

On August 11, 2005, Rodriguez submitted to the state trial court a motion for out-of-time appeal.[12] The court dismissed the motion for failure to use the proper form for post-conviction review, noting that the two years from finality of conviction to seek post-conviction review had lapsed.[13]

More than two months later, on November 14, 2005, Rodriguez submitted a writ application to the Louisiana Supreme Court seeking review of the appellate court's ruling of April 6, 2005.[14] The court denied relief on August 18, 2006, citing La. Code Crim. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995), State v. Parker, 711 So.2d 694 (La. 1998), La. Code Crim. P. art. 930.3, and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[15]

---

[11] St. Rec. Vol. 1 of 2, 5th Cir. Order, 2005-KH-350, 4/6/05.

[12] St. Rec. Vol. 1 of 2, Motion for Out of Time Appeal, 8/17/05 (dated 8/11/05).

[13] St. Rec. Vol. 1 of 2, Trial Court Order, signed 8/23/05.

[14] St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 06-KH-407, 2/20/06 (postmarked 11/14/05); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2006-KH-407, 2/20/06 (postmarked 11/14/05).

[15] State ex rel. Rodriguez v. State, 935 So.2d 150 (La. 2006); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2006-KH-0407, 8/18/06. In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness. In Parker, the court held that the limitation period under Article 930.8, preempts the timing provided in Article 882 for motions to correct an illegal sentence. In State ex rel. Melinie, the court held, based on Article 930.3, that sentencing errors which should be raised on direct appeal were not properly raised on post-conviction review.

Almost two years later, on July 16, 2008, Rodriguez submitted a writ application directly to the Louisiana Supreme Court seeking additional review of his prior writ applications to the Louisiana Fifth Circuit pursuant to the Louisiana Supreme Court's ruling in State v. Cordero, 993 So.2d 203 (La. 2008).[16] The application was transferred to the Louisiana Fifth Circuit on October 10, 2008.[17] The appellate court reviewed Rodriguez's prior writ application, and on January 26, 2009, found that it had properly resolved that there was no error in the related trial court rulings.[18]

Shortly thereafter, on February 12, 2009, Rodriguez submitted to the state trial court a motion to correct his multiple offender sentence.[19] The court denied the motion on February 26, 2009, because his plea agreement precluded him from seeking review.[20]

The Louisiana Fifth Circuit denied Rodriguez's subsequent writ application on May 28, 2009.[21] On April 23, 2010, the Louisiana Supreme Court denied the related writ

---

[16]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 08-KH-1816, 8/4/08 (postmarked 7/17/08, dated 7/16/08); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2008-KH-1816, 8/4/08. In Cordero, the court addressed accusations by former Director of Central Staff, Jerold B. Peterson, that, during his tenure, the Louisiana Fifth Circuit issued summary dismissals without judicial review of pro se post-conviction writ applications.

[17]State ex rel. Rodriguez v. State, 994 So.2d 32 (La. 2008).

[18]St. Rec. Vol. 1 of 2, 5th Cir. Order, 08-WR-863, 1/26/09.

[19]St. Rec. Vol. 1 of 2, Motion for Correction of an Illegal Multiple Bill, 2/17/09 (dated 2/12/09).

[20]St. Rec. Vol. 1 of 2, Trial Court Order, 2/26/09.

[21]St. Rec. Vol. 2 of 2, 5th Cir. Order, 09-KH-298, 5/28/09; 5th Cir. Writ Application, 09-KH-298, 4/21/09 (postmarked 3/20/09, dated 3/19/09).

application, citing La. Code Crim. art. 930.8 and State ex rel. Glover, 660 So.2d at 1189.[22]

In the meantime, during the pendency of the foregoing writ applications, Rodriguez submitted on April 23, 2009, a motion to enforce his plea agreement.[23] The state trial court denied the motion on May 5, 2009, because Rodriguez made no showing of any error.[24]

On June 1, 2009, Rodriguez submitted a writ application to the Louisiana Fifth Circuit.[25] The court denied the application in part and granted it in part, remanding the matter for the trial court to consider Rodriguez's ineffective assistance of counsel claim.[26] The state trial court reviewed the claims and denied relief under Strickland v. Washington, 466 U.S. 668 (1984).[27]

---

[22] State ex rel. Rodriguez v. State, 34 So.3d 850 (La. 2010); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2009-KH-1572, 4/23/10; La. S. Ct. Writ Application, 09-KH-1572, 7/13/09 (postal metered 6/24/09, dated 6/23/09); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2009-KH-1572, 7/13/09.

[23] St. Rec. Vol. 1 of 2, Motion to Enforce Plea Agreement, 4/30/09 (dated 4/23/09).

[24] St. Rec. Vol. 1 of 2, Trial Court Order, 5/5/09.

[25] St. Rec. Vol. 1 of 2, 5th Cir. Writ Application, 09-KH-420, 6/5/09 (postmarked 6/1/09).

[26] St. Rec. Vol. 2 of 2, 5th Cir. Order, 09-KH-420, 7/1/09.

[27] St. Rec. Vol. 1 of 2, Trial Court Order, 7/20/09.

The Louisiana Fifth Circuit denied Rodriguez's subsequent writ application on November 5, 2009.[28] The Louisiana Supreme Court also denied the related writ application on April 30, 2010, citing La. Code Crim. art. 930.8 and State ex rel. Glover, 660 So.2d at 1189.[29]

## II.   FEDERAL HABEAS PETITION

On May 27, 2010, the clerk of this court filed Rodriguez's petition for federal habeas corpus relief in which he alleges that he was denied due process in the multiple offender proceedings.[30] The State filed a response in opposition to the petition, arguing that Rodriguez's federal petition was not timely filed and that his claim for relief is procedurally barred from review.[31]

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[28]St. Rec. Vol. 1 of 2, 5th Cir. Order, 09-KH-881, 11/5/09; St. Rec. Vol. 2 of 2, 5th Cir. Writ Application, 09-KH-881, 10/20/09 (dated 10/6/09).

[29]State ex rel. Rodriguez v. State, 34 So.3d 282 (La. 2010); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2009-KH-2536, 4/30/10; La. S. Ct. Letter, 2009-KH-2536, 11/24/09 (postal metered 11/19/09; St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 09-KH-2536, 11/24/09 (postal metered 11/19/09).

[30]Rec. Doc. No. 1.

[31]Rec. Doc. No. 7.

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[32] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Rodriguez's petition, which, for reasons discussed below, is deemed filed in this federal court on May 9, 2010.[33]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State argues and the record reflects that the Louisiana Supreme Court barred review of Rodriguez's claims as untimely under

---

[32]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[33]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Rodriguez's petition was filed by the clerk of this court on May 27, 2010, when the filing fee was received. Rodriguez's signature on his petition was dated May 9, 2010. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

state law, specifically La. Code Crim. P. art. 930.8. In addition, the State also argues and I find that Rodriguez's petition was not timely filed in this court and should be dismissed for that reason.

## IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[34] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Rodriguez's conviction was final September 26, 2002, when he did not pursue review of his sentence or conviction. See Cousin, 310 F.3d at 845.

Thus, under a literal application of the statute, Rodriguez had one year from the date his conviction became final, or until September 26, 2003, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless

---

[34]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Rodriguez has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied,

petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Rodriguez's case on September 27, 2002, the day after his conviction was final. The limitations period ran uninterrupted for 365 days until September 26, 2003, when it expired. Rodriguez had no properly filed state post-conviction or other collateral review proceedings, or any other pleadings, pending during that time period. In addition to this one-year period of time, Rodriguez allowed another 394 days to lapse before he submitted his first post-conviction motion to the state trial court on October 25, 2004. Rodriguez later allowed another two-year period to run without interruption between the denial of his untimely 2006 writ application to the Louisiana Supreme Court, No. 06-KH-407, which itself would not toll the limitations period, see Butler v. Cain, 533 F.3d 314 (5th Cir. 2008), and the filing of his next writ application, No. 2008-KH-1816.

The record establishes that, after his conviction became final, Rodriguez allowed substantially more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief. His federal habeas corpus petition is clearly time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Dermon Rodriguez for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[35]

New Orleans, Louisiana, this ___5th___ day of November, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[35]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.